UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HENRY JAVIER MEDINA,[1] <br><br> Petitioner <br><br> v. <br><br> CHIEF COUNCIL, *et al.*, <br><br> Respondents. | Case No. 2:25-cv-02623-APG-DJA <br><br> **Order Granting Petition for Writ of Habeas Corpus** <br><br> [ECF No. 5] |

Petitioner Henry Javier Medina, an immigration detainee born in Honduras, was ordered removed from the United States by an Immigration Judge on March 11, 2002. ECF No. 17-1 at 4. On January 2, 2008, Medina was arrested, and he was removed to Honduras on February 21, 2008. *Id.* He returned to the United States, however, and on July 7, 2019, Medina was arrested and released on an order of supervision with conditions. *Id.* In the six years since then, the United States did not remove him. On April 17, 2025, he was taken into state custody. *Id.* On April 18, 2025, Medina was formally transferred to Immigration and Customs Enforcement (ICE), and he has remained in ICE custody since then. *Id.*; ECF No. 5 at 6.

On May 20, 2025, Medina participated in a Reasonable Fear Interview under 8 CFR § 208.31, and the Department of Homeland Security (DHS) found that Medina did not have a reasonable fear of deportation to Honduras based on a protected ground. ECF Nos. 17-2 at 6, 22; 17-3. An Immigration Judge concurred, and Mr. Medina appealed the decision to the Ninth

---

[1] Petitioner has stated his correct name is Henry Javier Franco. ECF No. 17-2 at 10. I use Henry Javier Medina to remain consistent with the name in his petition.

Circuit. ECF No. 17-6 at 22.  The Ninth Circuit issued a stay of removal pending its decision whether he is eligible for withholding of removal or protection under the Convention Against Torture.[2]

Title 28 U.S.C. § 2241 confers jurisdiction upon me to hear federal habeas corpus petitions.[3] *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).  Medina filed a Petition for Writ of Habeas Corpus to seek his immediate release from custody under *Zadvydas*. ECF No. 5.  *Zadvydas* "construed § 1231(a)(6) to mean that an alien who has been ordered removed may not be detained beyond a period reasonably necessary to secure removal, and it further held that six months is a presumptively reasonable period." *Jennings v. Rodriguez*, 583 U.S. 281, 298-99 (2018) (simplified).  "After that, . . . if the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must either rebut that showing or release the alien." *Id.* (quotation omitted).

The respondents do not argue that there is a significant likelihood of removal in the reasonably foreseeable future.  Instead, they argue that the removal period under 8 U.S.C. § 1231(a)(1)(A) has not yet begun to trigger the presumptively reasonable six-month period because the Ninth Circuit stayed Medina's removal and has yet to rule on his appeal.

Section 1231(a)(1)(B) provides that the removal period begins on the latest of:

> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

---

[2] This is generally known as a "withholding-only" proceeding. *Johnson v. Guzman Chavez*, 594 U.S. 523, 530-31 (2021).

[3] The respondents state that I do not have subject matter jurisdiction to consider Medina's claim, but they do not explain this assertion. *See* ECF No. 12 at 1.

1    Medina argues that the removal period began on April 18, 2025, when his removal order was reinstated. Medina's Petition states August 27, 2025 is the date of the removal or reinstatement order.[4] ECF No. 5 at 5. Under § 1231(a)(5), if a person who was previously removed reenters the United States illegally, then the prior order of removal "is reinstated from its original date and is not subject to being reopened or reviewed . . . ." "A reinstated removal order is administratively final." *Padilla-Ramirez v. Bible*, 882 F.3d 826, 831 (9th Cir. 2017). Medina's 90-day removal period thus began at the latest on August 27, 2025, unless § 1231(a)(1)(B)(ii) extends the period.

   The Government asserts the removal period has not yet begun, pointing to § 1231(a)(1)(B)(ii), based on Medina's appeal and the Ninth Circuit's stay of his removal. Medina appealed DHS' and the Immigration Judge's decision not to withhold his removal to Honduras, not the removal order itself.[5] Section 1231(a)(5) "explicitly insulates the removal orders from review," but does not "preclude an alien from pursuing withholding-only relief to prevent DHS from executing his removal to the particular country designated in his reinstated removal order." *Johnson v. Guzman Chavez*, 594 U.S. 523, 530 (2021) (quotation omitted). Therefore, § 1231(a)(1)(B)(ii) does not apply because it affects the removal period only when the removal order is being judicially reviewed. And a stay issued during an appeal that does not entail judicial review of a removal order also does not trigger § 1231(a)(1)(B)(ii). *Diouf v. Mukasey*, 542 F.3d 1222, 1230 (9th Cir. 2008).

   Thus, Medina has been detained for at least six months past the removal period. There is no significant likelihood of removal in the reasonably foreseeable future, so under *Zadvydas*,

---

[4] Six months have passed from both dates, so my decision does not turn on this difference.

[5] Medina's Petition seems to indicate that he appealed his prolonged detention. ECF No. 5 at 2. Even if this is true, it is not evidence that he appealed the removal order.

Medina's Petition should be granted.[6] "[T]he remedy for a successful *Zadvydas* claim is generally release of the habeas petitioner under conditions of supervision." *L.R. v. Noem*, No. 2:25-cv-02019-RFB-BNW, 2026 WL 161605, at *12 (D. Nev. Jan. 21, 2026).

I THEREFORE ORDER that Henry Javier Medina's Petition for Writ of Habeas Corpus **(ECF No. 5) is granted.** I declare that Medina's ongoing detention violates the Due Process Clause of the Fifth Amendment.

I FURTHER ORDER the respondent to release Medina from the custody of Nevada Southern Detention Center on Monday, March 2, 2026, and transport him to 501 Las Vegas Blvd South, Las Vegas, Nevada by 5:00 p.m. that same day. The respondents must advise Medina's counsel of the estimated time of release for coordination purposes. Medina is reinstated to supervision and will remain subject to the conditions of supervision previously imposed upon him by the Immigration Judge prior to his recent detention.

I FURTHER ORDER that the respondents are permanently enjoined from further unlawful detention of Medina under *Zadvydas v. Davis*, 533 U.S. 678 (2001) or any other applicable law. The respondents are prohibited from revoking Mr. Medina's release on the order of supervision absent proof of changed circumstances making his removal reasonably foreseeable and without first following the required statutory procedures.

/ / / /

/ / / /

/ / / /

/ / / /

---

[6] The respondents also argue that Medina did not exhaust his administrative remedies, but they do not explain this argument. ECF No. 12 at 1.

I FURTHER ORDER that the respondents are prohibited from removing Medina to a third country without a reasonable opportunity to reopen his proceedings before an Immigration Judge.

Dated: February 27, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE